UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SCOLARI,<br><br>                                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                                    Defendant. | Case No.: 21-cv-1250-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF NOs. 14, 17] |

Plaintiff Sandra Scolari brought this action for judicial review of the Social Security Commissioner's ("Commissioner") denial of her application for Social Security Disability Insurance Benefits. ECF No. 1. Before the Court are Plaintiff's Motion for Summary Judgment [ECF No. 14-1 ("Mot.")] and Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's motion [ECF No. 17 ("Oppo.")]. For the reasons set forth below, Plaintiff's motion for summary judgment is **DENIED** and Defendant's motion for summary judgment is **GRANTED**.

**PROCEDURAL BACKGROUND**

On May 8, 2018, Plaintiff filed a Title II application for a period of disability and disability

insurance benefits alleging disability beginning on April 30, 2018. See Administrative Record ("AR") at 29. The claims were denied initially on December 17, 2018, and upon reconsideration on May 6, 2019, resulting in Plaintiff's request for an administrative hearing on June 21, 2019. Id.

On May 5, 2020, a telephonic hearing was held before Administrative Law Judge ("ALJ") Randolph E. Schum. Id. at 29, 39. Plaintiff and an impartial vocational expert ("VE"), Victoria Rei, testified at the hearing. Id. at 29. In a written decision dated May 15, 2020, ALJ Schum determined that Plaintiff had not been under a disability, as defined in the Social Security Act, since April 30, 2018. Id. at 38. Plaintiff requested review by the Appeals Council. Id. at 11. In a letter dated October 21, 2020, the Appeals Council denied review of the ALJ's ruling, and the ALJ's decision therefore became the final decision of the Commissioner. Id. at 11-13.

On July 11, 2021, Plaintiff filed the instant action seeking judicial review by the federal district court. ECF No. 1. On May 4, 2022, Plaintiff filed a Motion for Summary Judgment alleging that the ALJ "failed to articulate clear and convincing reasons in addressing [her] symptom testimony." Mot. at 6-12. Defendant filed a timely Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment asserting that the "ALJ properly discounted Plaintiff's unsupported testimony." Oppo. at 8-12. On July 12, 2022, Plaintiff filed a Notice of Submission In Lieu of Reply. ECF No. 18.

## ALJ's DECISION

On May 15, 2020, the ALJ issued a written decision in which he determined that Plaintiff was not disabled as defined in the Social Security Act. AR at 38-39. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period (since April 30, 2018). Id. at 31. At step two, he considered all of Plaintiff's medical impairments and determined that the following impairment was "severe" as defined in the Regulations: "disorders of muscle, ligaments, and fascia. (20 CFR 404.1520(c))." Id. At step three, the ALJ found that Plaintiff's medically determinable impairments or combination of impairments did not meet or medically equal the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). Id. at 34. At step four, the ALJ

considered Plaintiff's severe impairment and determined that her residual functional capacity ("RFC") permitted her

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can only occasionally stoop, crawl, and climb ramps and stairs. The claimant should never climb ladders, ropes, scaffolds and should avoid concentrated exposure to extreme cold, unprotected heights, and moving and dangerous machinery.

Id. The ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms[,]" Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id. at 35. The ALJ further determined that Plaintiff is capable of performing her past relevant work as a banquet manager. Id. at 38.

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. Id.; see also Miner v. Berryhill, 722 Fed. Appx. 632, 633 (9th Cir. 2018) (We review the district court's decision de novo, disturbing the denial of benefits only if the decision "contains legal error or is not supported by substantial evidence.") (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)).

Substantial evidence is "more than a mere scintilla but may be less than a preponderance." Ahearn v. Saul, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting Molina v. Astrue, 674 F.3d 1104, 1110–11 (9th Cir. 2012) (quotation marks and citations omitted), *superseded by regulation on other grounds*. It is relevant evidence that a reasonable person might accept as adequate to support a conclusion after considering the entire record. Id. See also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). "In determining whether the Commissioner's findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's]

conclusion." Laursen v. Barnhart, 127 Fed. Appx. 311 (9th Cir. 2005) (quoting Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision. See Ahearn, 988 F.3d at 1115-1116 (citing Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001)). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. Id. ("[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities," and "we reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole") (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) and Molina, 674 F.3d 1110-1111).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. See Miner, 722 Fed. Appx. at 633. Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court also may remand the matter to the Social Security Administration for further proceedings. Id.

## **DISCUSSION**

Plaintiff argues that the ALJ "failed to articulate clear and convincing reasons in addressing [her] symptom testimony." Mot. at 6-12. Plaintiff also argues that a lack of objective medical evidence cannot be the sole basis for discounting her pain testimony and that the ALJ may not rely on her daily activities for discounting her testimony where those activities do not contradict her testimony and are not transferable to a work setting. Id.

Defendant contends that the "ALJ properly discounted Plaintiff's unsupported testimony." Oppo. at 8-12.

A.   Relevant Law

The Ninth Circuit has established a two-part test for evaluating a claimant's subjective symptoms. See Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms

alleged." Id. (internal quotation marks and citation omitted). The claimant, however, need not prove that the impairment reasonably could be expected to produce the alleged degree of pain or other symptoms; the claimant need only prove that the impairment reasonably could be expected to produce some degree of pain or other symptom. Id. If the claimant satisfies the first element and there is no evidence of malingering, then the ALJ "can [only] reject the claimant's testimony about the severity of her symptoms . . . by offering specific, clear and convincing reasons for doing so." Id. (internal quotation marks and citation omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [Plaintiff's] testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).

When weighing the claimant's testimony, "an ALJ may consider . . . reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citation omitted). An ALJ also may consider the claimant's work record and testimony from doctors and third parties regarding the "nature, severity, and effect of the symptoms" of which the claimant complains. Thomas, 278 F.3d at 958–59 (internal quotation marks and citation omitted); see also 20 C.F.R. § 404.1529(c). If the ALJ's finding is supported by substantial evidence, the court may not second-guess his or her decision. See Thomas, 278 F.3d at 959; Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where the ALJ's credibility assessment is supported by substantial evidence, it will not be disturbed even where some of the reasons for discrediting a claimant's testimony were improper).

As an initial matter, neither party contests the ALJ's determination that Plaintiff has the following severe impairment: "disorders of muscle, ligaments, and fascia. (20 CFR 404.1520(c))." AR at 31. Because the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms"—a finding

that is not contested by either party—the first prong of the ALJ's inquiry regarding Plaintiff's subjective symptoms is satisfied. Id. at 35; see also Lingenfelter, 504 F.3d at 1036; Mot., Oppo. Furthermore, neither party alleges that the ALJ found that Plaintiff was malingering. See Mot.; Oppo. As a result, the Court must determine whether the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective claims regarding her symptoms. See Lingenfelter, 504 F.3d at 1036.

The ALJ identified several reasons for discounting Plaintiff's subjective claims, two of which are addressed by the parties. See AR at 38. The Court will consider each reason individually.

### B.     Activities of Daily Living

One reason the ALJ provided for discounting Plaintiff's subjective symptom testimony was that her "activities of daily living were not consistent with disabling symptoms and limitations." AR at 36.

Plaintiff argues that the ALJ may not rely on her daily activities for discounting her testimony where those activities do not contradict her testimony and are not transferable to a work setting. Mot. at 10. Plaintiff further argues that the ALJ "made no attempt to consider [her] testimony [] in conjunction with the medical evidence confirming severe impairments or the concessions for the presence of limitation by every physician of record and the findings of pain and dysfunction." Id. at 11. Plaintiff asserts that the ALJ erred by failing to identify the context of Plaintiff's activities and to provide the complete picture of Plaintiff's testimony. Id.

Defendant contends that the ALJ properly noted that Plaintiff's activities were not consistent with her allegations and subjective testimony which is a valid reason for discounting her testimony. Oppo. at 11. Defendant further contends that the ALJ does not "have to equate activities to full-time work" and that the ALJ correctly determined that Plaintiff's activities indicate that Plaintiff is capable of more activities than she alleges. Id. at 11-12.

In determining a plaintiff's credibility, an ALJ may consider whether a plaintiff's daily activities are consistent with the asserted symptoms. See Thomas, 278 F.3d at 958–59 (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.1997)). While the fact that a plaintiff can

participate in various daily activities does not necessarily detract from the plaintiff's credibility as to her specific limitations or overall disability, "a negative inference is permissible where the activities contradict the other testimony of the claimant, or where the activities are of a nature and extent to reflect transferable work skills." Elizondo v. Astrue, 2010 WL 3432261, at *5 (E.D. Cal. Aug. 31, 2010). "Daily activities support an adverse credibility finding if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions or skills that are transferable to a work setting." Id. (citing Orn, 495 F.3d at 639; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir.1999).; Thomas, 278 F.3d at 959). "A claimant's performance of chores such as preparing meals, cleaning house, doing laundry, shopping, occasional childcare, and interacting with others has been considered sufficient to support an adverse credibility finding when performed for a substantial portion of the day." Id. at *5 (citing Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008); Burch, 400 F.3d at 680–81; Thomas, 278 F.3d at 959; Morgan, 169 F.3d at 600; Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990)).

The ALJ properly considered Plaintiff's daily activities. First, while Plaintiff is correct that she need not "vegetate in a dark room excluded from all forms of human and social activity" to achieve a finding of disability, where daily activities "contradict claims of a totally debilitating impairment," they may be grounds for discounting a plaintiff's testimony. Keigley v. Kijakazi, 2022 WL 856021, at *6 (E.D. Cal., Mar. 23, 2022) (quoting Molina, 674 F.3d at 1112-13 (internal citations omitted), superseded on other grounds by 20 C.F.R. § 416.920(a)). Here, Plaintiff testified and reported that she had to stop working due to the pain she was experiencing. AR at 53. Specifically, Plaintiff testified that she could not be on her feet for more than thirty minutes due to pain [id. at 54]; her stomach protrudes out during the day causing her pain [id. at 55]; she can only wear dresses as other clothing irritates her abdomen [id. at 55-56]; she is suffering from depression due to her physical impairments and the associated pain [id. at 57]; she is unable to sit for more than two hours [id. at 59]; items such as seat belts or clothing rubbing against her abdomen cause her pain [id.]; her pain medication makes it difficult to focus [id. at 61]; she has trouble blow drying her hair because it is painful to stand [id. at 216]; using

the toilet is difficult because getting up and down causes pain [id.]; she is limited in what she can cook due to pain [id.]; she can do light chores with breaks for pain [id. at 217]; driving is very painful, and she can only do it for short distances [id.]; and she is less social now due to her limitations [id. at 219].

The ALJ considered Plaintiff's testimony regarding her pain and limitations, but he also considered her reports that she was able to (1) care for herself and her personal needs without assistance, (2) prepare meals, (3) perform household chores, (4) take care of her dog, (5) go out alone, (6) manage her finances, (7) drive a car, (8) shop in stores, (9) attend church services, (10) go to yoga and Zumba classes, (11) work out with a personal trainer, (12) use a computer, (13) read, (14) watch television, and (15) travel for a five week period. Id. at 36 (citing Exhs. 3E, 11F, 19F, 25F, 28F, and Plaintiff's testimony). The ALJ found that these activities Plaintiff described were inconsistent with the level of functioning Plaintiff alleged. Id. "When the evidence before the ALJ is subject to more than one rational interpretation, [the Court] must defer to the ALJ's conclusion." Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004) (quoting Andrews, 53 F.3d at 1041). The Court finds that the ALJ rationally concluded that Plaintiff's testimony regarding her activities of daily living were inconsistent with the level of functioning Plaintiff alleged.

Second, the ALJ was not required to "explain the nexus between [Plaintiff's] activities proven in the record and the rigors of full-time work activity." Mot. at 11. "The Ninth Circuit has noted that there are 'two grounds for using daily activities to form the basis of an adverse credibility determination': Evidence of the daily activities either (1) contradicts the claimant's other testimony, or (2) meets the threshold for transferable work skills." Steele v. Berryhill, 2018 WL 2718033, at *3 (S.D. Cal., June 6, 2018) (quoting Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007)) (emphasis added). Here, the ALJ is relying on the first ground and was not required to translate Plaintiff's activities into full-time work.

Third, contrary to Plaintiff's argument, the ALJ did consider Plaintiff's activities of daily living in conjunction with the medical evidence confirming her impairments, pain, and dysfunction. Mot. at 11. For example, the ALJ noted that State Agency Consultants, Drs.

1   Bernardo and Nisbet, concluded that Plaintiff could perform light work with additional postural
2   limitations, which the ALJ found to be consistent with Plaintiff's activities of daily living.  AR at
3   37.  Nonetheless, the ALJ included additional limitations based on Plaintiff's subjective symptoms
4   and complaints.  Id. at 37.  While Dr. Nisbet concluded that Plaintiff could frequently climb
5   ramps, stairs,  and crawl, occasionally climb ladders, ropes, and scaffolds, was unlimited in her
6   ability to stoop, balance, kneel, and crouch, and had no manipulative, environmental, visual,
7   communicative, or manipulative limitations, and Dr. Bernardo concluded that Plaintiff could
8   frequently climb ramps, stairs, balance, kneel, and crouch, occasionally climb ladders, ropes,
9   scaffolds, stoop, and crawl, and had no manipulative, environmental, visual, communicative, or
10  manipulative limitations, the ALJ "found the record was supportive of additional restrictions to
11  help address the subjective symptoms and complaints due to [Plaintiff's] chronic pain and
12  distention" and concluded that Plaintiff should never climb ladders, ropes, scaffolds and should
13  avoid concentrated exposure to extreme cold, unprotected heights, and moving and dangerous
14  machinery.  Id. at 34, 37.
15        The ALJ also considered the opinions of State Agency Consultants and psychologists Drs.
16  Kessler and Barsukov.  Id. at 37 (citing Exhs. 2A at 8 (AR at 73) and 4A at 10-11 (AR at 89-90)).
17  Dr. Kessler opined that Plaintiff's "reported difficulties with focus have to do with the degree of
18  pain she is in as she herself has stated.  The [Plaintiff's] current functional difficulties appear to
19  be due to her physical pain and limitations and this will have to be evaluated by a physical MC.
20  NMDI is reasonable."  Id. at 73.  Dr. Barsukov opined that Plaintiff had anxiety but that her
21  "reported difficulties with focus have to do with the degree of pain she is in as she herself has
22  stated.  The [Plaintiff's] current functional difficulties appear to be due to her physical pain and
23  limitations."  Id. at 90.  He also found that Plaintiff had no impairments related to understanding,
24  remembering, or applying information or interacting with others and only mild difficulties with
25  concentration, persistence, or maintaining pace.  Id. at 89.  The ALJ concluded that these
26  assessments were persuasive as they were consistent with the medical record, the level of
27  mental health treatment Plaintiff received, and Plaintiff's own assertions.  Id. at 37.  Accordingly,
28  there is substantial evidence supporting the ALJ's determination that Plaintiff's activities of daily

living were not consistent with her subjective testimony and claims and that this basis is a clear and convincing reason to discount Plaintiff's subjective testimony and claims.

### C. Inconsistencies With The Objective Medical Evidence

A second reason provided by the ALJ for discounting Plaintiff's subjective symptom testimony is its inconsistency with the medical evidence. AR at 35.

Plaintiff argues that the ALJ failed to consider the entire record, specifically the opinion of Dr. Vallejos, and that it is legal error for the ALJ to isolate portions of the record. Mot. at 9. Plaintiff also argues that that ALJ's finding that the "records do not support any significant physical examination findings other than some intermittent bleeding, tenderness, as well as pain with activity and position change" is illogical and inaccurate and warrants remand. Id. at 9-10.

Defendant contends that the ALJ properly found that Plaintiff's subjective pain and limitation testimony was not fully supported by the record as evidence by the examples the ALJ cited in his decision. Oppo. at 9-10.

Inconsistencies with the objective medical evidence cannot be the sole reason provided by an ALJ for discounting a Plaintiff's credibility. "[T]he Ninth Circuit has repeatedly emphasized that, 'in evaluating the credibility of ... testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of [the impairment].'" Ondracek v. Comm'r of Soc. Sec., 2017 WL 714374, at *8 (E.D. Cal. Feb. 22, 2017) (quoting Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005)); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001), 261 F.3d at 857 (a claimant's testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence"); Burch, 400 F.3d at 680 ("an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain"); Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"); Social Security Ruling ("SSR") 16–3p (S.S.A. Oct. 25, 2017) (stating that SSA adjudicators should "not disregard an individual's statements about the intensity, persistence, and limiting effects of

symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual"). However, "when coupled with other permissible reasons, inconsistencies between a claimant's allegations and objective medical evidence may be used to discount a claimant's testimony." Cambria R. v. Comm'r Soc. Sec. Admin, 2022 WL 4329416, at *4 (D. Or., Sept. 19, 2022)) (citing Adaline S.G. v. Comm'r Soc. Sec. Admin., 2021 WL 5316987, at *3 (D. Or. Nov. 15, 2021); Tatyana K. v. Berryhill, 2019 WL 464965, at *4 (D. Or. Feb. 6, 2019) (citing Batson, 359 F.3d 1190, 1197-98 (9th Cir. 2004)); see also Kittridge v. Kijakazi, 2022 WL 2965961, at *1 (9th Cir., July 27, 2022) ("[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (quoting Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)).

The ALJ acknowledged Plaintiff's complaints of pain and noted various diagnoses confirming generalized abdominal pain, chronic postoperative pain, abdominal wall edema, and diastasis recti. AR at 35. The ALJ then listed several objective medical tests that he felt were "not supportive of a finding of disability." Id. Specifically, the ALJ noted Plaintiff's (1) October 2017 abdominal/pelvic CT scan showing fibroids, cysts, polyps, and a thickened endometrium but finding no acute abnormality, (2) November 2017 endometrial biopsy results showing no evidence of atypia, (3) January 2018 follow-up imaging showing her ovarian cysts and fibroids had shrunk, (4) March 2018 abdominal ultrasound that was normal with the exception of showing benign liver cysts, (5) June 2018 ultrasound of the pelvis that was unremarkable, and (6) September 2018 pelvic MRI suggesting a mild degree of adenomyosis, but otherwise unremarkable. Id. at 35 (citing Ehxs. 2F at 1-2; 3F at 2, 12-13; 13F at 9-10; 14F at 20-21, 75-78, 81-89; 15F at 44-45; 16F at 6-8; 25F at 25-28; and 26F at 5-6).

The ALJ also specifically noted that the objective medical evidence "did not contain any positive signs of chronic pain such as muscle atrophy, muscle spasms, valid neurological deficits such as reflex, motor, or sensory loss, valid positive straight leg raising tests, bowel or bladder dysfunction of neurological origin, or inflammatory signs such as heat, redness, swelling, or

synovitis." Id. at 36. The ALJ found this to be inconsistent with Plaintiff's symptom testimony of severe chronic pain. Id.

Plaintiff argues that the ALJ failed to consider the entire record as evidenced by the fact that he failed to discuss the opinion of Dr. Vallejos who opined that Plaintiff's impairments could not be treated with surgery. Mot at 9 (citing AR at 301). While the ALJ did not discuss Dr. Vallejos' findings in detail, he did cite to the record Plaintiff identifies to support his statement that the medical records showed progress and improvement in Plaintiff's symptoms. AR at 36 (citing 2F [AR at 299-302]). The December 4, 2017 progress note that is signed by Dr. Herman Skorobogaty, not Dr. Vallejos, notes that Plaintiff reported her pain to be a four out of ten and to wax and wane. Id. at 299. As Plaintiff notes, it also states that Plaintiff does not have "any complications that are surgically treatable" while also finding that a CT of Plaintiff's abdomen pelvis "did not reveal any true complications from her surgery." Id. at 301. The ALJ did not err by failing to highlight the medical conclusion that Plaintiff's situation was unlikely to be improved with surgery. Even if the ALJ did err in this respect, any such error would be harmless. Harmless error occurs if the error is inconsequential to the ultimate non-disability determination. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); see also Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006). Errors that do not affect the ultimate result are harmless. See Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007). An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." Batson, 359 F.3d at 1197. Here, the ALJ provided several reasons for discounting Plaintiff's subjective claims. A lengthy discussion about Dr. Vallejos' opinion that Plaintiff would not be improved with surgery would not have affected the ALJ's final conclusion which, as explained above and below, was based on the entire medical record and Plaintiff's activities of daily living. Further, there is no merit to Plaintiff's claim that the ALJ isolated portions of the record as he cites to various medical records and testimony throughout the record including those records that showed Plaintiff "was diagnosed with generalized abdominal pain, chronic postoperative pain, abdominal wall edema, and diastasis recti." AR at 35.

Because the ALJ provides other clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony that are separate from the objective medical evidence, such as Plaintiff's activities of daily living, the nature of Plaintiff's treatment, and her progress and improvement [see section D below], the Court finds that inconsistency with the objective medical evidence is another clear and convincing reason supported by substantial evidence for rejecting Plaintiff's subjective symptom testimony. See Cox v. Comm'r of Soc. Sec., 2022 WL 3691309, at *17 (E.D. Cal., Aug. 25, 2022) ("[w]hile the ALJ's use of the objective medical evidence is insufficient standing alone, the ALJ provided clear and convincing determinations when considered in conjunction with the ALJ's other reasoning concerning daily activities, and compliance with treatment in conjunction with improvement with treatment").

      D.    The Nature of Plaintiff's Treatment and Her Progress and Improvement

In addition to finding that Plaintiff's subjective testimony was inconsistent with her activities of daily living and the objective medical evidence, the ALJ found that the testimony was made less credible due to the nature of Plaintiff's treatment and her progress and improvement. Id. at 36, 38. The ALJ noted that the medical evidence showed that Plaintiff's symptoms, including "bloating, sensitivity, and pain relief," had progressed and improved with "physical therapy, probiotics, nutritional supplements, and pain medications" and that the nature of Plaintiff's treatment did not support a more restrictive finding. Id. at 36 (citing Exhs. 2F, 9F, 11F, and 19F), 38. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra, 481 F.3d at 750-51 (citation omitted) (finding that treatment with over-the-counter pain medication was conservative treatment). Claims of a lack of improvement may be rejected by pointing to clear and convincing evidence that directly undermines them, such as evidence that a claimant's symptoms improved with the use of medication. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff does not challenge the ALJ's conclusion that the nature of her treatment and her progress and improvement detracted from the credibility of her subjective symptom testimony. Mot. The Court finds that these are additional valid reasons provided by the ALJ for discounting

Plaintiff's subjective symptom testimony that are supported by substantial evidence and, therefore, constitute additional clear and convincing reasons for discounting Plaintiff's testimony.

## CONCLUSION

Based on the above, the Court **GRANTS** Defendant's cross-motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment and **AFFIRMS** the decision of the Commissioner and dismisses this action with prejudice. The Clerk of the Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

Dated: 10/11/2022

Hon. Barbara L. Major
United States Magistrate Judge